IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| JOSHUA J. COCHRAN, ) | |
| ) | Bankruptcy No. 16-00760 |
| Debtor. ) | |
| ) | |
| COUNTY BANK, ) | |
| Plaintiff, ) | Adversary No. 16-09035 |
| ) | |
| v. ) | |
| ) | |
| JOSHUA J. COCHRAN ) | |
| Defendant. ) | |

**RULING ON MOTION TO SET ASIDE DEFAULT JUDGMENT**

The Court held an evidentiary hearing on this matter on December 8, 2016. Derek Hong appeared for Debtor/Defendant Joshua Cochran. Wesley Huisinga appeared for Plaintiff County Bank. At the conclusion of that hearing The Court noted it was prepared to rule, but wanted to give the parties additional time to discuss the possibility of settling this matter. The Court noted that if they were unable to settle the matter, the Court would rule by phone at a later date. The Court provided that ruling on the issue at a phone hearing Friday, December 16, 2016. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

A default judgment was entered against Debtor after he failed to appear and defend this adversary action. Debtor admits he was properly served but states that he mistakenly thought his retainer agreement with his bankruptcy attorney

provided for representation in adversary actions as well.  Debtor admits he failed to defend the action in a timely manner but asserts it was a mistaken understanding.

After discovering his mistake, Debtor hired his bankruptcy attorney to represent him in this action and filed this Motion to Set Aside Default Judgment. Debtor argues that his failure to answer was based on a mistake, inadvertence, or excusable neglect and that he has a meritorious defense.  County Bank resists. County Bank argues that Debtor does not have a legitimate basis to support his request because he knew the terms of the representation, was properly served, and does not have a meritorious defense.

Bankruptcy Rule 7055 adopts Federal Rule of Civil Procedure 55.  Federal Rule of Civil Procedure 55(c) states that "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."

Rule 60(b)(1) of the Federal Rules of Civil Procedure states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."

"In determining whether to set aside a default, courts typically examine such factors as whether the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused."  In re Foels, No. 04-04594, 2005 WL 2850407, at *1 (Bankr. N.D. Iowa Oct. 12, 2005) (citing Johnson v. Dayton

2

Electric Manufacturing Co., 140 F.3d 781, 783 (8th Cir. 1998)). "'The inquiry is essentially an equitable one, and the [ ] court is required to engage in a careful balancing of multiple considerations.'" In re Iowa Oil Co., 299 B.R. 555, 561 (Bankr. N.D. Iowa 2003) (quoting Union Pacific R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 782 (8th Cir. 2001).

"Decisions to grant or deny a motion to set aside default judgment are within the sound discretion of the bankruptcy court." Iowa Oil Co., 299 B.R. at 560 (citing In re Jones Truck Lines, Inc., 63 F.3d 685, 686 (8th Cir. 1995). "The defaulting party has the burden to show excusable neglect under Rule 60(b)(1)." Id. at 562.

The Court finds that Defendant's failure to respond was the result of mistake and excusable neglect. Debtor testified that when he received the summons in this case, he ignored it based on his mistaken assumption that his bankruptcy attorney, Mr. Hong, would take care of the case. Debtor testified that he had recently been involved in a divorce case. He testified that he had a general retainer agreement with his attorney in the divorce case that provided for representation on any matters that arose in connection with the divorce. Debtor testified that he assumed, incorrectly, that his arrangement with Mr. Hong was similar. His retainer agreement with Mr. Hong, however, did not provide for such representation. As a result, he ignored the summons—thinking that Mr. Hong would take care of it— and default was entered. Debtor testified that, had he realized that Mr. Hong was

3

not retained to represent him in this matter, he would have hired him to do so. He testified that he intended to have representation and defend this lawsuit.

The Court finds Debtor's testimony credible. This is not the first case where a debtor has been mistaken about representation in an adversary proceeding by Debtor's attorney in the main bankruptcy case. Debtor's recent experience with his divorce attorney further explains his incorrect assumption. This mistake does not make Debtor blameworthy or culpable. Debtor simply did not understand or recall the terms of his retainer agreement as it applied to adversary actions. Moreover, when Debtor found out his mistake, he quickly retained Mr. Hong to defend this case. These facts show mistake and excusable neglect and weight in favor of setting aside the default judgment.

Second, Debtor has a potentially meritorious defense. County Bank's complaint alleges that Debtor sold a tractor subject to its security interest and dispersed the proceeds without permission. County Bank argues that its claim is nondischargeable as embezzlement under § 523(a)(4).

This Court has recently addressed a factually similar case where debtors sold crops subject to a bank's security interest and dispersed the proceeds without permission. In re Pitz, Adv. No. 15-09011, 2016 WL 1530003, at *1 (Bankr. N.D. Iowa Apr. 13, 2016). In that case, the Court found that "[b]oth this Court and the Eighth Circuit have previously found in 'embezzlement' cases that security interests are not 'property of another' as required under § 523(a)(4)." Id. at *2.

The Courts reasoning in <u>Pitz</u> may also applies to this case and provides Debtor with a potentially meritorious defense. This weighs in favor of setting aside the default judgment.

Finally, the Court recognizes that setting aside the default judgment will prejudice County Bank, which has already assigned the default judgment. That prejudice is not sufficient to outweigh the factors in favor of setting aside the default. Debtor's honest mistake, particularly when combined with his potentially meritorious defense, outweighs the prejudice to County Bank of undoing or otherwise resolving its assignment of the judgment. On balance, these factors weigh in favor of setting aside the default judgment. Courts have long-noted the preference for deciding cases on the merits in these situations.

**WHEREFORE**, Defendant's Motion to Set Aside Default Judgment is GRANTED.

**FURTHER**, Defendant's Motion to Enlarge Time is GRANTED. Defendant is given 30 days to file his answer or pre-answer motion.

Dated and Entered:
December 16, 2016

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE